UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CESAR A. FLORES, | ) |
| Plaintiff, | ) Case No. 24-cv-1687 |
| v. | ) |
| COLLEGE OF DUPAGE and JAMES MARTNER, Individually and in his official capacity as an employee of College of DuPage, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, Cesar A. Flores, by and through his counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC, and complains of Defendants College of DuPage and James Martner, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, and harmed by Defendant in this District.

1

**PARTIES**

3. Plaintiff, CESAR A. FLORES ("Plaintiff"), was at all times relevant to this suit an adult of Mexican origin and Hispanic ancestry, residing in Romeoville, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, and harmed by Defendant in this District.

4. Defendant, College of DuPage ("Defendant COD"), is an Illinois Municipal Entity duly organized and doing business in Illinois, with its primary location at 425 Fawell Blvd., Glen Ellyn, Illinois 60137. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII. Similarly, Defendant is an "employer" as defined by the IHRA.

5. Defendant, James Martner ("Defendant Martner"), at all times relevant to this suit was an employee of Defendant College of DuPage, and a resident of the State of Illinois.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. On or about October 14, 2022, Plaintiff timely filed Charges of Discrimination alleging harassment and hostile work environment, race and national origin discrimination, and retaliation with the Illinois Department of Human Rights ("IDHR"), Charge Nos. 2023CF1058 and 2023CN1059, against Defendant COD and Defendant Martner, respectively.

7. On November 30, 2023, the IDHR issued Plaintiff a Notice of Right to Sue for both charges.

8. On December 4, 2023, Plaintiff received the IDHR's Notices of Right to Sue.

9. Plaintiff requested a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").

10. On February 22, 2024, EEOC issued Plaintiff a Notice of Right to Sue as to IDHR Charge No. 2023CF1058 against Defendant COD.

11. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

12. Plaintiff's race is Hispanic.

13. Plaintiff's National Origin is Mexican.

14. On or about November 19, 2001, Plaintiff was hired by Defendant COD as an Administrative Assistant. Defendant COD is located at 425 Fawell Blvd., Glen Ellyn, Illinois 60137.

15. On February 1, 2020, Plaintiff was asked and he agreed to serve as Interim Dean of Enrollment (he was appointed on June 25, 2022 to serve from July 1, 2020 to June 30, 2021).

16. On or about February 18, 2021, Plaintiff was appointed and agreed to continue in his role as Interim Dean of Enrollment (from July 1, 2021 to June 30, 2022).

17. On or about February 17, 2022, Plaintiff was appointed and agreed to continue his role as Interim Dean of Enrollment (from July 1, 2022 to June 30, 2023).

18. From May 18, 2022 to August 23, 2022, Plaintiff engaged in the interview process to secure the permanent position of Dean of Enrollment. He was required to apply even though other White Interim Administrators were appointed without having to apply. The search resulted in Plaintiff unanimously selected as the top candidate by the search committee, his immediate supervisor, and positive references contacted.

19. Plaintiff performed his job as Interim Dean of Enrollment satisfactorily and within Defendant's legitimate expectations.

20. On or about June 13, 2022, Plaintiff participated in a focus group and raised issues about salary inequities, based on gender and race, within Defendant COD. An internal report including its findings was released on or about August 24, 2022.

21. The next day, on August 25, 2022, Plaintiff sent an email to Defendant COD's Interim V.P. of Human Resources, Director of Human Resources, Manager of Human Resources, Provost, and his immediate supervisor, Dr. Diana Del-Rosario, who was the Assistant Provost of Student Affairs, addressing his concerns about the salary inequities, referencing the aforementioned internal report that noted potential discriminatory practices.

22. On September 6, 2022, Plaintiff was informed by his supervisor that the President of Defendant COD, Dr. Brian Caputo, was no longer advancing his appointment as Dean of Enrollment.

23. On that same day, September 6, 2022, Plaintiff sent an email to Defendant COD's Board of Trustees, requesting reconsideration of his nomination for the Dean of Enrollment position and an equal opportunity to continue his 22 year career.

24. On September 16, 2022, Plaintiff was informed that he would be placed on a performance improvement plan by his supervisor, as the email sent to the Board of Trustees brought negative attention to Defendant COD's President. Further, Plaintiff was informed that he would be stripped of the Interim Dean of Enrollment position as soon as possible and returned to his permanent role as Manager of Registration, reducing his salary by $50,000.00.

25. On September 27, 2022, Plaintiff was asked for an Education Verification. White administrators had never been subjected to such requests. Plaintiff immediately emailed his supervisor, Dr. Diana Del-Rosario, complaining of discrimination.

26. On September 28, 2022, Plaintiff was summoned by Defendant COD's Ethics Officer, Defendant James Martner, to meet, at which point Plaintiff was verbally attacked, creating a hostile and intimidating environment. At that time, Plaintiff advised he would file a complaint with the IDHR and EEOC.

27. On the same day, Plaintiff memorialized the meeting with Defendant Martner in an email to Defendant Martner, Defendant COD General Counsel, Lily Kalyn, and Human Resources Director, Alma Camarena, alleging discrimination and harassment by Defendants.

28. On September 29, 2022, pursuant to the Illinois Personnel Records Review Act, Plaintiff requested the notes, files, and reports on the files regarding the denial of his promotion to Dean of Enrollment but was denied, citing such documents as "privileged and confidential" by Defendant Martner. Such denial is completely uncommon, as such information has been shared with White staff across the college.

29. Further, Plaintiff was charged with a new restriction, in that he was suddenly required, with no plausible explanation, to obtain the approval of his supervisor when hiring a direct report. Not only had this not been done before Plaintiff's complaints (as he would traditionally send his hiring recommendation directly to Human Resources), but it was not Defendant COD policy to require such approval. In support of the same, there was no physical indication on the Hiring Recommendation Form, such as a signature field, for the supervisor to approve the hire.

30. Interestingly, on September 30, 2022, Plaintiff was subjected to a "random" background investigation initiated by Defendants.

31. On October 5, 2022, Plaintiff was officially placed on a performance improvement plan, with unrealistic deadlines and ambiguous language.

32. Defendants began to leave Plaintiff out of meetings and committees that were critical in performing his job as Interim Dean of Enrollment.

33. On October 10, 2022, Plaintiff met with Director of Human Resources, Alma Camarena, to file a formal discrimination and harassment complaint against Defendant Martner. However, Plaintiff never received any follow-up communication from human resources regarding his complaints.

34. On October 14, 2022, Plaintiff filed Charges of Discrimination alleging harassment and hostile work environment, race and national origin discrimination, and retaliation with the Illinois Department of Human Rights ("IDHR"), Charge Nos. 2023CF1058 and 2023CN1059, against Defendant COD and Defendant Martner

35. On or about October 17, 2022, due to the emotional distress caused by the discriminatory and retaliatory acts of Defendants, ultimately causing a diagnosis of anxiety, Plaintiff was forced to take a FMLA leave.

36. On or about December 9, 2022, Plaintiff was reprimanded by Defendant COD's General Counsel, Lily Kalyn, for emailing the Ethics Officer, Defendant Martner, to inquire about the status of any other ethics complaints, given that Defendant alleged the same in Plaintiff's performance improvement plan.

37. On December 21, 2022, Plaintiff requested his personnel file. However, the alleged ethics complaints that were cited as the reason for denying Plaintiff the Dean of Enrollment position, were not in his file.

38. On May 3, 2023, Plaintiff again complained of discrimination; this complaint was emailed to his then new supervisor, Dr. Darrius Douglas, and indirect supervisor, Dr. Diana Del-Rosario.

39. In retaliation, on May 9, 2023, Plaintiff's supervisor and indirect supervisor, without addressing or investigating his concerns, demanded the need for all employees to know his whereabouts at all times. Without explanation, the privacy film on Plaintiff's office was also removed.

40. On May 19, 2023, Plaintiff learned he was being transferred to a less desirable position, effective May 20, 2023.

41. On May 31, 2023, due to the continued discrimination, retaliation, and hostile work environment created by Defendants, Plaintiff was forced to resign his employment with Defendant COD.

42. Defendant COD refused to acknowledge Plaintiff's years of service after resignation, which was common practice for White employees.

43. Because of Plaintiff's race and national origin, Plaintiff was subjected to disparate treatment and discrimination, including being overlooked for promotions and raises.

44. Because Plaintiff reported discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and refused promotions.

## COUNT I – RACE DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq</u>
### (Defendant College of DuPage)

45. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

46. Plaintiff, as a Hispanic, is a member of a protected class.

47. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

48. Plaintiff apprised Defendant of his race, Hispanic.

49. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Hispanic and everything else having been the same.

50. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

51. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

52. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, CESAR A. FLORES, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq
### (Defendant College of DuPage)

53. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

54. Plaintiff, as a Mexican, is a member of a protected class.

55. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

56. Plaintiff apprised Defendant of his national origin, Mexican.

57. Defendant discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Mexican and everything else having been the same.

58. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

59. Plaintiff's national origin was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

60. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, CESAR A. FLORES, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq</u>
**(Defendant College of DuPage)**

61. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

62. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

63. Plaintiff, as a Hispanic and Mexican, is a member of a protected class under Title VII.

64. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

65. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including refusing to promote him due to discriminatory and retaliatory reasons.

66. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported discrimination.

67. Defendant would not have retaliated against Plaintiff had he not reported the discrimination. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

68. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

11

69. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, CESAR A. FLORES, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT IV – RACE DISCRIMINATION
## <u>ILLINOIS HUMAN RIGHTS ACT</u>
## (Defendant College of DuPage and Defendant Martner)

70. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

71. The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibition against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

72. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

73. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color, et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

74. Plaintiff, as a Hispanic, is a member of a protected class.

75. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

76. Plaintiff apprised Defendants of his race, Hispanic.

77. Defendants discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Hispanic and everything else having been the same.

78. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

13

79. Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

80. Defendants' discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, CESAR A. FLORES, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Illinois Human Rights Act;

B. Grant an injunction against Defendants from violating Illinois Human Rights Act and to protect other employees of a different race from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT V – NATIONAL ORIGIN DISCRIMINATION
## <u>ILLINOIS HUMAN RIGHTS ACT</u>
**(Defendant College of DuPage and Defendant Martner)**

81. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

82. The IHRA prohibits discrimination in employment on the basis of a person's national origin. The IHRA applies to prohibition against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

83. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

84. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color . . . national origin et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

85. Plaintiff, as a Mexican, is a member of a protected class.

86. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

87. Plaintiff apprised Defendants of his national origin, Mexican.

88. Defendants discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for

harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Mexican and everything else having been the same.

89. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

90. Plaintiff's national origin was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

91. Defendants' discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, CESAR A. FLORES, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Illinois Human Rights Act;

B. Grant an injunction against Defendants from violating Illinois Human Rights Act and to protect other employees of a different race from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT VI – RETALIATION**
**ILLINOIS HUMAN RIGHTS ACT**
**(Defendant College of DuPage and Defendant Martner)**

92. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

93. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

94. Plaintiff, as a Hispanic and Mexican, is a member of a protected class under the IHRA.

95. Plaintiff engaged in a IHRA protected activity by reporting discriminatory acts by Defendants.

96. Defendants knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including refusing to promote him due to discriminatory and retaliatory reasons.

97. Defendants' decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported discrimination.

98. Defendants would not have retaliated against Plaintiff had he not reported the discrimination. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendants.

99. Defendants' retaliation against Plaintiff constitutes unlawful discrimination in direct violation of the IHRA.

100. As a direct and proximate result of Defendants' unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, CESAR A. FLORES, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated the IHRA;

B. Grant an injunction against Defendants from violating the IHRA and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: February 28, 2024

    /s    Antonio L. Jeffrey    
              Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com