IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CESAR A. FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-1687 |
| ) | |
| COLLEGE OF DUPAGE and ) | Honorable Jeremy C. Daniel |
| JAMES MARTNER, Individually and in his ) | |
| Official capacity as an employee of College of ) | **JURY TRIAL** |
| DuPage, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT**

### I.  INTRODUCTION

Defendants moved to dismiss the Complaint with four central arguments—1) The bulk of the Complaint consisted of vague boilerplate allegations that do not support any cause of action; 2) Defendant Martner is not a proper defendant because as pled, he did not supervise Plaintiff and always acted within his core job responsibilities; 3) Plaintiff's theory that Defendants favored White employees over Hispanic employees is not tied to any wrongful act as COD hired an African American man, (and not a White man), for Dean of Enrollment, and Plaintiff also did not allege that any White employees were similarly situated as required in this Circuit; and 4) Plaintiff's retaliation claim does not alleged a connection between protected activity and an adverse action.

Plaintiff devoted less than a paragraph of his Response to defending his actual allegations, with the bulk of his response involving proposed new allegations. He cited no substantive case law. Plaintiff's failure to defend is not without consequence. Under Seventh Circuit law, while he may be granted leave to amend in response to a Motion to Dismiss, undefended claims are waived.

76889861;1

*See Muhammad v. Chicago Transit Auth.*, 2024 WL 231436, at *2 (N.D. Ill. Jan. 22, 2024) (Daniels, J.)(failure to respond to an argument results in waiver.). Plaintiff's Complaint should therefore be dismissed with prejudice.

## II. PLAINTIFF'S REMAINING RETALIATION CLAIM AGAINST DEFENDANT MARTNER FAILS

Plaintiff agreed to withdraw his race and national origin discrimination claims against Martner but briefly defends the retaliation claim, highlighting the allegation that Martner "verbally attacked him and created a hostile and intimidating environment" the day after Plaintiff complained about discrimination. (Resp., at 3). Plaintiff does not dispute that under his own allegations, Martner was acting in his official capacity as Director of Compliance and Internal Auditor at COD investigating an ethics complaint against Plaintiff. (Compl., at ¶¶ 26-28). Martner cannot therefore be held liable for retaliation while responding to hotline ethics complaints because that is part of his essential job function. Plaintiff did not respond to controlling caselaw. *See Watkins v. Off. Of State App. Def.*, 2012 IL App (1st) 111756, ¶ 37, 976 N.E.2d 387, 399–400 ("Where an official of the employer undertakes the retaliatory act in the employer's name, the charge must be against the employer, and not the official in their personal capacity.").

Moreover, yelling at someone once, without even a corresponding allegation of any additional impact, is not an adverse action. *See Owens v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 919, 936 N.E.2d 623, 640 (1st Dist. 2010) (not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that an employee did not like would form the basis of a discrimination suit.). Plaintiff offers no case law at all, or even tries to distinguish Defendant's cases on this point either.

This Court should dismiss the single remaining claim against Martner with prejudice and not permit Plaintiff to re-allege a new theory of liability because any such amendment would be futile.

### III.   PLAINTIFF DID NOT PROPERLY ALLEGE RACE/NATIONAL ORIGIN DISCRIMINATION

Plaintiff makes no effort to defend the existing allegations supporting his claim that White employees are favored over Hispanic employees. He does not deny that COD hired an African American man as the Dean of Enrollment or explain how accordingly, Defendant's failure to promote him to Dean reflects race or national discrimination in favor of White employees. Plaintiff has thus abandoned this claim. *Muhammad, supra*; *see also Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999)) ("Our system of justice is adversarial, and our judges are busy people. . . . they are not going to do plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). Nor does he present any argument or any case law on why he is similarly situated to the unnamed White employees for matters other than the loss of the Dean position. For example, he does not respond at all to Defendants' argument that he is not similarly situated because he alone had multiple ethics complaints.

Plaintiff attempts to defend his race and national origin claims against COD by indicating that he could present additional facts such as the anonymous salary of a supposed White, allegedly similarly situated employee, who was paid more than him. These unpled allegations do not save the existing allegations and, in fact, do not create actionable allegations. Rather, these are added unpled boilerplate allegations that also fail to identify this similarly situated White COD employee. Plaintiff not only omits the name of comparable White counterpart, but he also omits their respective title(s) and job responsibilities, further undermining his allegations. And Plaintiff does not suggest that these individuals were also ethically challenged.

3

Plaintiff goes on to list other unpled acts as the basis for how his unidentified White counterparts were treated more favorably, (*e.g.*, not receiving a "company-wide announcement," being required to submit an Education Verification, denied approval of vacation carryover.). These proposed new allegations are not actionable adverse actions . (*See Owens v. Dep't of Hum.* Rts., 403 Ill. App. 3d at 919 (2010)) (To show that he suffered an adverse employment action, an employee must establish that the employment action was "materially adverse" and not a mere inconvenience or an alteration of job responsibilities.). Plaintiff offers nothing to suggest that a further amendment would not be futile.

### IV. PLAINTIFF'S ENGAGEMENT IN PROTECTED ACTIVITY IS NOT CONNECTED TO ADVERSE ACTIONS BY DEFENDANTS

Plaintiff's defense of his retaliation claims involves neither argument nor case law. He does not distinguish the case law cited by Defendants. To maintain a retaliation claim in this Circuit, a Plaintiff must allege a causal connection between the protected activity and an adverse action taken by the employer. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). Plaintiff initially tied his entire retaliation claim to his participation in a focus group. Plaintiff's Response does not address Defendants' argument that his participation in the focus group was not a protected activity and therefore, his core claim that he was not promoted could not be a basis for retaliation. (Def.'s Mot. to Dismiss, at 15).

Plaintiff's Response instead recites several other forms of alleged protected activity from the Complaint, including: 1) meeting with HR at COD to file a complaint against Martner; 2) filing Charges of Discrimination with the Illinois Department of Human Rights; 3) raising salary inequities based on race and gender; 4) emailing COD HR and leadership regarding discriminatory practices; 5) emailing his supervisor outlining a pattern of discrimination; and 6) emailing a complaint of discrimination to COD'S Ethics Officer, HR and General Counsel. (Resp., at 5). All

4

of this alleged protected activity occurred after Plaintiff was not promoted and after he was found liable for ethical violations. In order for any of these reports to ground a retaliation claim, he needed to alleged adverse actions *after* he reported discrimination. Plaintiff did not do that.

Plaintiff's recital of protected activity in his Response does not save his retaliation claim because it fails to identify any adverse actions stemming from his reporting. Ultimately, his own sequence of allegations confirms that first he was not promoted, and then he complained about discrimination, and all subsequent alleged retaliation, such as not receiving an adequate going away party are not adverse actions but inconveniences. (Compl., at ¶42). Plaintiff makes one vague statement that "all the aforementioned protected activity was met by specific and related retaliatory acts by Defendants, which can be specifically enumerated in an amended complaint." (Resp., at 5).

### V. PLAINTIFF SHOULD ONLY BE ABLE TO AMEND CLAIMS THAT HE DEFENDED IN HIS RESPONSE

Defendants recognize that under Seventh Circuit jurisprudence, a Plaintiff usually is allowed at least one opportunity to replead to correct the Complaint's deficiencies. Seventh Circuit jurisprudence also indicates that abandoned or legally deficient claims should not be re-pled. (*See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."); (*see also United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008)) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge.").

*Muhammad* is instructive. In that case, (which involved the claims of race, religious discrimination and retaliation) plaintiff failed to respond to a motion to dismiss by defendants that challenged whether plaintiff exhausted their administrative remedies on their IHRA claims. This

Court found that plaintiffs forfeited any challenges to the arguments raised by defendants. *Muhammad, infra*. As a result, this Court dismissed plaintiffs IHRA claims. (" Without any support in the complaint concerning exhaustion with respect to their administrative remedies under the Illinois Human Rights Act, and with no response to the defendants' motion, the plaintiffs' claims under the Illinois Human Rights Act are dismissed."). *d.*

This has long been the Seventh Circuit's position. (*See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)) ("Failure to respond to an argument—as the Bontes have done here—results in waiver."); (*see also Kirksey v. R.J. Reynolds Tobacco Co*., 168 F.3d 1039, 1041 (7th Cir. 1999)) ("An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so."). Defendants understand that leave to replead is normally freely granted, but this situation is different.

In Defendant's view, Plaintiffs failure to present case law and argument constitutes a global waiver of existing claims. Certainly, Plaintiff's core complaint that he first participated in a focus group, and then unfairly was denied a position as Dean of Enrollment is waived. Also, Plaintiff has no existing or proposed allegations that would support a claim of discrimination against Hispanic employees in favor of White employees. He offers not a single sentence defending those allegations. As the court in *Bonte* noted, the silence is deafening. *Bonte, supra*. If this Court does permit some claims to be re-pled, Plaintiff should not be permitted to replead abandoned claims, and this Court should require Plaintiff to replead his retaliation claim(s) in a logical, sequential manner, that identifies the causal connection between the alleged protected activity and the alleged adverse action.

6

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6), plus such other relief as the Court deems appropriate.

Dated: June 20, 2024

Respectfully submitted,

COLLEGE OF DUPAGE &
JAMES MARTNER

By: /s/*Jamel A.R. Greer*_____
    One of Their Attorneys

AKERMAN LLP

Jeffrey J. Mayer
Jamel A.R. Greer
71 South Wacker Drive, 46th Floor
Chicago, IL 60606
Tel: (312) 634-5700
Fax: (312) 424-1900
jeff.mayer@akerman.com
jamel.greer@akerman.com

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and thereby served all counsel of record.

      /s/*Jamel A. R. Greer*
      Jamel A.R. Greer

      AKERMAN LLP

      Jeffrey J. Mayer
      Jamel A.R. Greer
      71 South Wacker Drive, 46th Floor
      Chicago, IL 60606
      Tel: (312) 634-5700
      Fax: (312) 424-1900
      jeff.mayer@akerman.com
      jamel.greer@akerman.com