UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CESAR A. FLORES,<br>        Plaintiff<br><br>      v.<br><br>COLLEGE OF DUPAGE and JAMES MARTNER,<br>        Defendants | No. 24 CV 1687<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss the complaint [9] is granted in part and denied in part. The plaintiff's motion for leave to amend his complaint [20] is granted. The plaintiff shall file an amended complaint by August 30, 2024.

## STATEMENT

Plaintiff Cesar A. Flores filed a six-count complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, against the College of DuPage ("DuPage") and its Ethics Officer, James Martner, alleging racial discrimination (Counts I and IV); national origin-based discrimination (Counts II and V); and retaliation (Counts III and VI). (*See* R. 1.)

The Court accepts the well-pleaded allegations in the complaint as true and views them in the light most favorable to Flores. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). Flores is a Hispanic man of Mexican origin who was appointed to serve as Interim Dean of Enrollment at DuPage from February 2020 to June 2023. (*Id.* ¶¶ 3, 15–17.) In May of 2022, Flores applied for a permanent position as Dean of Enrollment. (*Id.* ¶ 18.) He alleges that he was required to apply for this position although previous interim administrators, who were White, were simply appointed. (*Id.*) In August of 2022, Flores participated in a focus group that discussed salary inequities at DuPage based on gender and race (*Id.* ¶ 20.) An internal report documenting the focus group's findings was published on August 25, 2022. (*Id.*) The next day, Flores emailed his supervisors and DuPage HR personnel to raise concerns about the findings of the report. (*Id.* ¶ 21.) Less than two weeks later, on September 6, 2022, Flores was informed that his appointment as Dean of Enrollment was no longer being advanced. (*Id.* ¶ 22.)

After being denied the promotion, Flores was placed on a performance improvement plan and informed that he would be downgraded to Manager of Registration, reducing his salary by $50,000.00. (*Id.* ¶ 24.) Flores met with Defendant Martner, DuPage's Ethics Officer, on September 28, 2022. (*Id.* ¶ 26.) During the meeting, Flores alleges that he was "verbally attacked, creating a hostile and intimidating environment." (*Id.*) Following this incident, Flores alleges that DuPage limited his responsibilities (*id.* ¶ 29), subjected him to a background investigation (*id.* ¶ 30), and excluded him from meetings and committees. (*Id.* ¶ 32). He alleges that White and non-Mexican employees were not treated in this manner. (*Id.* ¶¶ 88.) Flores again complained about the perceived discrimination, and his complaints were emailed to his supervisor. (*Id.* ¶ 38.) Thereafter, he was required to notify his supervisor of his whereabouts, and a "privacy film" on his office was removed. (*Id.* ¶ 39.) On May 19, 2023, Flores was transferred to a "less desirable position." (*Id.* ¶ 40.) On May 31, he resigned. (*Id.* ¶ 41.)

Flores filed charges of discrimination with the Illinois Department of Human Rights on October 14, 2022 (*Id.* ¶¶ 6, 34.) He received notices of right to sue from the state agency and the Equal Employment Opportunity Commission before filing this suit. (*Id.* ¶¶ 7–10.) The defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 9.)

At the pleading stage, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Plausibility does not mean probability," however. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) "[A] court reviewing a 12(b)(6) motion must "ask itself *could* these things have happened, not *did* they happen." *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (emphasis in original)). "The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Id.* (quoting *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir.2015)).

As an initial matter, Title VII and IHRA discrimination claims apply only to employers. *See Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995); *see also* 42 U.S.C. § 2000e(b); 775 ILCS 5/2-101, 5/2-102. Flores does not dispute that Martner is not an employer under Title VII and that he cannot state a claim against Martner for IHRA discrimination. (R. 16 at 3.) While Flores attempts to preserve an IHRA retaliation claim against Martner based on allegations that Martner "verbally attacked" him, "creating a hostile and intimidating environment," these allegations lack factual support and are conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). More fundamentally, a plaintiff cannot maintain an IHRA retaliation claim for actions taken by an employee in their official capacity; rather, such claims must be brought against the employer. *Watkins v. State Off. Of State App. Def.*, 976 N.E.2d 387, 399–400 (Ill. App. Ct. 2012) (explaining that the IHRA does not allow for "claims to be brought individually against company

2

employees where the retaliation was not 'personally motivated' or 'done without the knowledge or consent of the employer.'"). The complaint indicates that Martner met with Flores in his capacity as DuPage's Ethics Officer when the alleged retaliation occurred, and it does not include sufficient detail for the Court to infer that Martner's actions were personally motivated or done without DuPage's knowledge and consent. The Court therefore grants the defendants' motion to dismiss Flores' claims against Martner.

That leaves Flores' claims against DuPage.[1] To state a claim for race-based or national-origin based discrimination, Flores "need only aver that [DuPage] instituted a (specified) adverse employment action against the plaintiff on the basis of" his race or national origin. *Luevano*, 722 F.3d at 1028. For purposes of a discrimination claim, a materially adverse employment action is one that involves "a significant change in employment status." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016) (citation omitted). Here, Flores alleges that he was subjected to several adverse actions, including failure to promote, a $50,000 reduction in salary, and a transfer to a less desirable position. (R. 1 ¶¶ 24, 40); *Stutler v. Ill. Dep't of Corrs.*, 263 F.3d 698, 703 (7th Cir. 2001) (noting that "adverse actions" include "failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits."). He further alleges that he suffered this discrimination because of his race and national origin since White and non-Mexican employees were not subjected to the same treatment. (*Id.* ¶¶ 18, 50, 87.) The defendants fault Flores for not identifying a similarly situated White employee at DuPage who was treated more favorably than him. (R. 9 at 12–14.)[2] But "[t]he plaintiff is not required to identify similarly situated comparators at the pleading stage." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014). The motion to dismiss these claims is therefore denied.

Flores' retaliation claims against DuPage also survive. To state a retaliation claim, Flores must allege that "(1) he engaged in an activity protected by the statute; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action." *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022). "Protected activity" is "some step in opposition to a form of discrimination that the statute prohibits." *Rosas v. Bd. of Educ. of City of Chi.*, 652

---

[1] Because claims under the IHRA are analyzed under the same standards as Title VII claims, the Court addresses the federal and state claims together. *Volling v. Kurtz Paramedic Servs.*, Inc., 840 F.3d 378, 382–83 (7th Cir. 2016).

[2] The defendants devote much of their briefing to arguing that the Court should take judicial notice of the fact that the individual that DuPage hired as permanent Dean of Enrollment is Black. (See R. 9 at 1 n.1, 11.) A Court may "take judicial notice of matters of public record and consider documents incorporated by reference in the pleadings." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The article attached by the defendants to their motion is not a public record, nor is it incorporated by reference in the complaint. And even if the Court could take judicial notice of this document, the defendants do not explain how the fact that DuPage hired a Black man is relevant to whether the college discriminated against Flores as a Hispanic man of Mexican origin.

F. Supp. 3d 951, 960 (N.D. Ill. 2023) (quoting *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 501 (7th Cir. 2017)). Flores alleges that, on August 25, 2022, he emailed DuPage personnel to raise concerns about an internal report that documented salary inequities based on gender and race. (R. 1 ¶ 21.) Accepting these allegations as true and viewing them in the light most favorable to Flores, the August 25 email could be viewed as protected activity under Title VII because it involved a complaint about "discrimination [that] occurred because of sex, race, [or] national origin. . . ." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 718 (7th Cir. 2018). Flores further alleges that he was informed less than two weeks after he sent this email that DuPage was no longer advancing his appointment as permanent Dean of Enrollment. (R. 1 ¶ 22.) This plausibly constitutes an adverse employment action. *See Huri*, 804 F.3d at 833 (quoting *Chaib v. Indiana,* 744 F.3d 974, 986–87 (7th Cir. 2014)) ("In the retaliation context, 'adverse employment action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity."). Flores also alleges causation, since he asserts that DuPage failed to promote him because he sent the email. (R. 1 ¶¶ 64–67.) At this stage, Flores is not required to plead a causal link between the protected activity and the adverse action. *Warren v. Millennium Hotels & Resorts*, 692 F. Supp. 3d 828, 832 (N.D. Ill. 2023) (citing *Luevano*, 722 F.3d at 1029). The defendants' motion to dismiss this claim is therefore denied.

Lastly, the Court considers Flores' motion for leave to amend his complaint to add a count for constructive termination. (R. 20.) Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This is Flores' first complaint, and plaintiffs should have "an opportunity to amend their complaints at least once." *Luevano*, 722 F.3d at 1024 (collecting cases). Accordingly, the plaintiffs' motion for leave to amend is granted. Flores will have until August 30, 2024 to file an amended complaint if he so chooses.

Date: August 13, 2024

JEREMY C. DANIEL
United States District Judge

4